OPINION OF THE COURT
Memorandum.
Order unanimously reversed, on the law, resisting arrest counts reinstated and matter remanded for all further proceedings.
The court below dismissed the counts charging defendants with resisting arrest on the ground that the arresting officers were not peace officers within the meaning of CPL 2.10 and that, therefore, defendants could not be guilty of violating section 205.30 of the Penal Law which is limited to resistance directed against a police officer or peace officer.
CPL 2.10 (subd 27) provides that those having the powers of peace officers include: “New York city special patrolmen appointed by the police commissioner pursuant to subdivision (e) of section 434a-7.0 of the administrative code of the city of New York” (L 1980, ch 843, § 2). The *539 defendants did not take any issue with the proof offered that the officers had been appointed special patrolmen. Rather the focal point of the controversy lies in the question of whether the appointment was secured by virtue of subdivision c or e of section 434a-7.0 of the Administrative Code of the City of New York. Only an appointment under the latter subdivision would confer peace officer status (CPL 2.10).
The New York City Health and Hospitals Corporation performs a governmental function and, although an independent entity, it must be funded by the City of New York in an amount not less than $175,000,000 (see L 1969, ch 1016, § 1 [New York City Health and Hospitals Corporation Act, §§ 2, 6]). As such, it is an “agency” within the meaning of subdivision 2 of section 1150 of the New York City Charter. In view of this fact, the appointment of the arresting officers should be deemed to have been made under subdivision e rather than c of section 434a-7.0 of the Administrative Code. They were, therefore, peace officers and resistance directed at them for the purpose of foiling an arrest is cognizable under section 205.30 of the Penal Law. As a final word, we would note that the peace officer status of these special patrolmen is limited to the time they are acting pursuant to their special duties (CPL 2.10, subd 27).
Buschmann, J. P., Jones and Kunzeman, JJ., concur.